UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maghen Ward, | No. 2:20-cv-00430-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Credit Control Services, Inc., | |
| Defendant. | |

Plaintiff Maghen Ward and defendant Credit Control Services (CCS) disagree about whether a collection letter misreported the amount of Ward's debt in violation of state and federal law. Both have moved for summary judgment. As explained in this order, **both motions are denied** because a key factual dispute remains unresolved. The court excludes from the record a letter and email Ward relies on, as she produced them after the fact discovery deadline without explanation. The court also orders Ward to show cause why the costs of the late production should not be awarded against her under Rule 16(f)(2).

## I.    BACKGROUND

Ward had an auto insurance policy from Farmers Insurance Group, which she canceled sometime in 2019. *See* Farmers Ins. Billing Stmt. (Mar. 2, 2020), Ward Mot. Ex. G, ECF No. 17-3. After the policy was canceled, she still owed unpaid premiums to Farmers, and she defaulted on that debt. Resp. Def.'s Stmt. Fact Nos. 5–6, ECF No. 21-1. In late 2019, Farmers assigned the

debt to CCS for collection.  *See* Stoddard Decl. ¶¶ 6–8 & Ex. A, ECF No. 17-4.  In January 2020, CCS sent a letter to Ward notifying her of the debt.  *See id.* ¶ 13 & Ex. C.  After Ward received the letter, she contacted Farmers, who agreed to apply credits and reduce the debt.  *See id.* ¶ 18 & Ex. F.

Ward claims the collection letter misrepresented the amount of her debt.  *See* Opp'n Def. Mot. at 4, ECF No. 21; Compl. ¶¶ 35–36, 52–53, ECF No. 1.  According to the letter, she owed $1,722.11.  She claims the balance was actually much lower, about $200.  *See id.*  CCS argues the letter was accurate.  *See* Def. Mot. Summ. J. (Def. Mot.) at 3–4, ECF No. 17-1 (summarizing account).

Ward filed this case against CCS for alleged violations of federal and state laws requiring accurate descriptions of debts owed.  *See* Compl. ¶¶ 29–78 (citing 15 U.S.C. §§ 1692g(a)(1), 1692e and Cal. Civ. Code §§ 1788–1788.32).  Both Ward and CCS now move for summary judgment, advancing competing theories of the debt's history.  *See generally* Def. Mot.; Ward Mot. Summ. J. (Ward. Mot.), ECF No. 22-4.  The parties' cross motions are fully briefed.  *See* Opp'n Def. Mot.; Opp'n Ward Mot., ECF No. 23; Reply Def. Mot., ECF No. 24.  The court held a hearing by videoconference and submitted both motions.  Craig Sanders appeared for Ward, and Lori Quinn appeared for CCS.  Mins., ECF No. 25.

## II.   LEGAL STANDARD

A court may grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986).  In carrying their burdens, both parties must "cit[e] to particular parts

1   of materials in the record . . . ; or show[] that the materials cited do not establish the absence or

2   presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to

3   support the fact." Fed. R. Civ. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[The

4   nonmoving party] must do more than simply show that there is some metaphysical doubt as to the

5   material facts"). Moreover, "the requirement is that there be no *genuine* issue of *material*

6   fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing

7   law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247–48

8   (emphasis in original).

9        In deciding a motion for summary judgment, the court draws all inferences and views all

10   evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88.

11   "Where the record taken as a whole could not lead a rational trier of fact to find for the non-

12   moving party, there is no 'genuine issue for trial.'" *Id.* at 587 (quoting *First Nat'l Bank of Ariz. v.*

13   *Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

14   **III.   ANALYSIS**

15        The parties' dispute boils down to one conflict: when did Ward cancel her policy, June

16   2019 or November 2019? Ward claims she cancelled the policy in June. *See* Ward Mot. at 3. If

17   so, then she owed no premiums to Farmers for the time between June and November, and the

18   amount of her debt was lower than the amount in the letter. *See id.* at 2. Under this theory,

19   Farmers' reductions to her debt were simply an acknowledgement that its records were wrong.

20   *See id.* at 3–4. CCS argues Ward cancelled the policy in November. *See* Def. Mot. at 3–4. If so,

21   she owed the higher amount in its letter because she had not paid premiums on the policy between

22   June and November. *See id.* Under this theory, the reductions in Ward's debt are irrelevant; they

23   came after the letter was mailed and had no effect on its accuracy. *See id.*

24        In support of her argument that she cancelled her policy in June, Ward points to (1) emails

25   with a Farmers representative showing an effective policy cancellation date of June 20, 2019, and

26   (2) a "Letter of Experience" from Farmers, which confirms her insurance history and shows a

27   policy end date of June 20, 2019. *See* Ward Mot. Exs. 1–2, ECF No. 22-3; Ward Decl. ¶ 15, ECF

28   No. 22-2. Ward produced this evidence only recently, after the deadline for discovery had closed

and after CCS had moved for summary judgment. *See id.* CCS supports its position with Farmers' business records, which show a cancellation date of November 6, 2019 and an "Adjustment to Cancellation" processed on January 13, 2020, for an apparently retroactive effective date of June 20, 2019. *See* Stoddard Decl. Ex. F, ECF No. 17-4. CCS also produced its own records, which show it credited Ward's outstanding debt after she had contacted Farmers in January. *See* Stoddard Decl. Ex. B, E. Finally, CCS cites one of Ward's responses to its request for admissions: she admitted she cancelled her policy in November, not June. Quinn Suppl. Decl. Ex. K ¶ 12, ECF No. 23-2.

Because Ward admitted her insurance policy was cancelled in November, CCS is entitled to summary judgment unless she can retract that admission. The court therefore begins with this question.

### A.     Withdrawal of Ward's Admission

Federal Rule of Civil Procedure 36 allows a litigant to request another party admit the truth of relevant matters within the scope of discovery. Fed. R. Civ. P. 36(a)(1). The Rule's goals are "truth-seeking in litigation" and "efficiency in dispensing justice." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). A matter admitted under Rule 36 is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Ward has not moved to withdraw her admission, as Rule 36(b) requires, but courts have construed oppositions to motions for summary judgment as motions to withdraw or amend admissions under Rule 36(b). *See Fernandez v. McKnight*, No. 12-557, 2014 WL 352238, at *3 (E.D. Cal. Jan. 31, 2014); *F.C. ex rel. Rios v. County of Los Angeles*, No. 10-169, 2010 WL 5157339, at *4 (C.D. Cal. Dec. 13, 2010). The court so construes Ward's filing here because CCS has had an opportunity to oppose her request. *See* Opp'n Ward Mot. at 3.

An admission may be withdrawn only if (1) withdrawal would promote the presentation of the merits and (2) withdrawing the admission would not cause prejudice to the party who obtained it. *See Conlon*, 474 F.3d at 621 (summarizing the Rule 36(b) test). A district court must consider both factors. *Id.* at 625. "The first half of the test in Rule 36(b) is satisfied when

1  upholding the admissions would practically eliminate any presentation of the merits of the case."

2  *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995).  In the second half of the test, the

3  party who relies on the admissions bears the burden of proving it would be prejudiced at trial

4  were the admissions withdrawn.  *Conlon*, 474 F.3d at 622.  "Prejudice" in this context means

5  more than "that the party who obtained the admission will now have to convince the factfinder of

6  its truth."  *Hadley*, 45 F.3d at 1348 (quoting *Brook Vill. N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66,

7  70 (1st Cir. 1982)).  "Rather, it relates to the difficulty a party may face in proving its case," for

8  example, if key witnesses are now unavailable.  *Id.* (quoting *Brook Vill.*, 686 F.2d at 70).

9       Although Rule 36(b) prescribes necessary conditions of withdrawal, the court may

10  consider other factors, including whether the motion was delayed without good cause, whether

11  the moving party has a good case on the merits, and whether the admissions were used to obtain

12  unfair tactical advantage.  *Conlon*, 474 F.3d at 621–22, 624–25 (citing *Perez v. Miami-Dade Cty.*,

13  297 F.3d 1255, 1268 (11th Cir. 2002)).  A district court can also consider reopening discovery.

14  *See id.* at 624.

15       Here, as to the first part of the Rule 36(b) test, upholding Ward's admission would dispose

16  of her claim, so permitting her to withdraw that admission would promote the resolution of the

17  case on its merits.  As to the second requirement, CCS has not satisfied its burden of

18  demonstrating prejudice, at least not of the necessary type.  "[R]eliance on a deemed admission in

19  preparing a summary judgment motion does not constitute prejudice," *id.* at 624, and the court

20  has yet to set a trial date, *see Hadley*, 45 F.3d 1348 ("Courts are more likely to find prejudice

21  when the motion for withdrawal is made in the middle of the trial."); *Santana Row Hotel*

22  *Partners, L.P. v. Zurich Am. Ins. Co.*, No. 05-00198, 2007 WL 1140464, at *4 (N.D. Cal.

23  Apr. 17, 2007) (prejudice not found where trial date not yet set).  CCS has not argued it was

24  unable to seek or obtain other evidence about when Ward cancelled her policy.  *Cf. Hadley*, 45

25  F.3d at 1348 (emphasizing that "prejudice" turns on availability of evidence and likely difficulties

26  obtaining it).  Prejudice is a necessary condition to upholding admissions, *see Conlon*, 474 F.3d at

27  621, so Ward's request to withdraw her admission is granted.  She may attempt to prove her

28  policy was canceled in June 2019.

1  **B.      Late Disclosure of the "Letter of Evidence" and Related Emails**

2      To prove her policy was canceled in June, Ward relies primarily on a "Letter of

3  Experience" she obtained from Farmers one day before she filed her cross-motion for summary

4  judgment, as well as emails about that letter.  *See* Ward Decl. ¶ 15.  CCS argues the letter and

5  emails should be excluded from consideration under Federal Rules of Civil Procedure 26(a),

6  26(e), and 37(c).  *See* Opp'n Ward Mot. at 5.  These rules relate to the initial disclosures a party

7  must make without request and the sanctions for nondisclosure.  Rule 26, however, is a poor fit.

8  The letter and emails did not exist until only a few days before they were disclosed, so Ward

9  cannot have realistically produced them earlier than she did.  *See Tilton v. McGraw-Hill Cos.,*

10  *Inc.*, No. C06-0098, 2007 WL 3229157, at *2 (W.D. Wash. Oct. 30, 2007) (finding defendants

11  did not show plaintiff's initial disclosures or discovery responses were incomplete under Fed. R.

12  Civ. P. 26(e) for documents not yet created).

13      A different rule is a better fit for this situation.  Under Rule 16 and this court's scheduling

14  orders, discovery closed about a month before Ward produced the letter of experience and related

15  emails.  *See* Rule 16 Bench Order (July 9, 2020), ECF No. 12 (requiring fact discovery to be

16  completed by May 9, 2021); Fed. R. Civ. P. 16(b).  Litigants may not disregard Rule 16 orders

17  "without peril."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)

18  (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).  These orders

19  are "an important component" of this court's efforts to respond to a heavy civil and criminal

20  caseload, which has grown steadily larger since 1992, when the Ninth Circuit described it as a

21  "torrent" that "threatened to inundate the federal courts."  *Id.* at 611.  If a party or its attorney do

22  not obey a Rule 16 scheduling order, that rule allows the court to enforce the schedule with "any

23  just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii)."  Fed. R. Civ. P. 16(f)(1).

24  These are the sanctions listed in the cited Rule:

25      (ii) prohibiting the disobedient party from supporting or opposing
26      designated claims or defenses, or from introducing designated
27      matters in evidence;

28      (iii) striking pleadings in whole or in part;

6

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

"Instead of or in addition to" these sanctions, a court "must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance" with Rule 16. *See* Fed. R. Civ. P. 16(f)(2); *see also Off. Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993). A party may avoid this sanction if it shows its "noncompliance was substantially justified" or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Ward violated the court's scheduling order by relying on documents produced after the deadlines the court set in its Rule 16 order. Exclusion is an appropriate sanction under the four factors the Ninth Circuit has identified for deciding an appropriate sanction for violations of Rule 16(f):

(1)     The late production caused prejudice and came as a surprise. *See Hayhoe v. Cole*, No. 96-2333, 1996 WL 590610, at *2 (N.D. Cal. Oct. 8, 1996) (considering "the prejudice or surprise in fact of the party" (quoting *Price v. Seydel*, 961 F.2d 1470, 1474 (9th Cir. 1992)). Ward produced the letter after admitting she canceled her policy in November, after discovery had closed, and after her creditor had moved for summary judgment.

(2)     The creditor cannot cure this prejudice. *See id.* (considering "the ability of the party to cure the prejudice" (quoting *Price*, 961 F.2d at 1474)). Discovery is closed, and both parties' motions for summary judgment have already been briefed and submitted.

(3)     Admitting the letter would disrupt the efficient resolution of this case because discovery has closed and because the deadline for pretrial motions has passed. *See*

1              *id.* (considering whether permitting late disclosure "would disrupt the orderly and

2              efficient trial of the case" (quoting *Price*, 961 F.2d at 1474)).

3       (4)     Ward has not explained her failure to produce the letter during discovery. *See id.*

4              (considering party's "bad faith or willfulness" (quoting *Price*, 961 F.2d at 1474)).

5              She has not explained why she did not request an extension of time. Her decision

6              to obtain the letter soon before filing a cross-motion for summary judgment

7              suggests willfulness, and when that decision is considered along with the

8              concurrent reversal of her previous admission that she had canceled her policy in

9              November it suggests bad faith.

10 Evidence has been excluded in similar cases. *See, e.g.*, *Wong v. Regents of Univ. of Cal.*,

11 410 F.3d 1052, 1062 (9th Cir. 2005) (affirming exclusion of supplemental expert disclosure under

12 Rule 37 even though trial was "still some months away" because discovery and motion deadlines

13 had passed).

14       Rule 16(f)(2) requires Ward, her counsel, or both to pay her adversary's "reasonable

15 expenses" unless she shows her noncompliance was "substantially justified" or that "other

16 circumstances make an award of expenses unjust." Ward is therefore ordered to show cause why

17 the court should not impose sanctions in the amount of CCS's reasonable expenses incurred as a

18 result of her noncompliance with the court's scheduling order.

19       **C.**    **Summary Judgment**

20       Although the letter of experience and related emails are excluded, Ward may yet rely on

21 her testimony and other documents to show she canceled her policy in June, and a reasonable jury

22 could credit that evidence to find in her favor at trial. *See* Ward Decl. ¶ 5 ("On or about June 20,

23 2019, I canceled the policy with Farmers, due to the fact that I was going through a divorce and

24 was forced to move back home."); Farmers Adjustments, Stoddard Ex. F, ECF No. 17-4

25 (reporting "Adjustment to Cancellation" with an effective date of June 20, 2019). A jury could

26 also doubt her evidence and conclude she cancelled her policy in November, as reflected in the

27 same records. *See* Adjustments, Stoddard Ex. F (reporting "Policy Canceled" on November 6,

28 2019). The court therefore cannot grant summary judgment to either party.

1    **IV.   CONCLUSION**

2           Ward's request to withdraw her admission that she cancelled her policy in November

3    2019 is **granted**.  The letter of experience and related correspondence are **excluded** under Rule

4    16(f).  Ward is **ordered to show cause within fourteen days** why sanctions should not be

5    imposed under Rule 16(f)(2) in the amount of CCS's reasonable expenses incurred as a result of

6    her noncompliance with the court's scheduling order.

7           The cross-motions for summary judgment are **denied**.

8           **Within fourteen days**, the parties shall file a joint report stating their positions on

9    whether this matter should be referred to a member of this court's Voluntary Dispute Resolution

10   Panel or to a court-convened settlement conference before the assigned magistrate judge or

11   another judge of this court.

12          This order resolves ECF Nos. 17 and 22.

13          IT IS SO ORDERED.

14   DATED:  June 7, 2022.

15   _____

     CHIEF UNITED STATES DISTRICT JUDGE